IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Joseph P. Harris, et al., | ) | CASE NO. 06-cv-00015-MSK-OES |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Brush Engineered Materials, Inc., et al. | ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 26©) of the Federal Rules of Civil Procedure and by agreement of the parties hereto, the Court makes and enters the following Order protecting the confidentiality of certain information and documents which may be submitted or produced by National Jewish Medical and Research Center ("NJC") and/or Dr. Lee Newman.

WHEREAS, Brush Wellman Inc. ("Brush") is a defendant in Harris v. Brush Engineered Materials, Inc., et al., No. 1:04-CV-598-GRO (S.D. Miss.) (the Harris action), and served subpoenas ("the Subpoenas") issued from this Court on NJC and Dr. Newman, who claim to possess confidential research, development or commercial, information;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Order shall govern all documents and other discovery materials, including deposition testimony, the production of documents, and answers and/or responses to interrogatories produced in response to the Subpoenas (hereinafter collectively referred to as "Discovery Materials").

2. NJC and/or Dr. Newman ("Designating Party") may designate any documents or other discovery materials it or he produced in response to the subpoenas as "Confidential Information," pursuant to the terms of this Order. As to patient information (including patient information in data bases), where the patient is not a plaintiff in this action, NJC and Dr. Newman will provide such information in a form which has such data redacted as provided under the Health Insurance Portability and Accountability Act ("HIPAA"). NJC and Dr. Newman shall only be obligated to provide the data after redaction of the following pursuant to Section 164.514 of HIPAA:

The following identifiers of the individual or of relatives, employers or household members of the individual:

    I. Name

    ii. Address

    iii. Social security number

    iv. Age, admission (treatment date), discharge date, date of death (except for the years)

    v. Telephone numbers

    vi. Fax numbers

    vii. Email address

    viii. Medical record number

    ix. Health plan beneficiary numbers

    x. Account numbers

    xi. Certificate/license number

      xii.    Devise identifiers and serial numbers

      xiii.    Any URLs

      xiv.    Any IP address numbers

      xv.    Biometric identifiers, including finger and voice prints

      xvi.    Full face photographic images and any comparable images

      xvii.    Other unique identifying number, characteristic or code

Any person requesting such data shall pay the reasonable cost for the redaction and copying of such patient information.

(a) As used herein, the term "Confidential Information" shall refer to any Discovery Material, or any portion thereof, deemed by the Designating Party in good faith to be trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(7).

(b) Confidential Information shall include all information contained in or derived from the Discovery Materials described in paragraph 2(a). Confidential Information shall include any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information in tangible form. Any such materials shall be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

(c) When a Designating Party produces Discovery Material, it may designate all or any portion or portions thereof as Confidential Information by placing or fixing thereon (in such a manner as will not interfere with the legibility thereof) the phrase "CONFIDENTIAL:

3

SUBJECT TO PROTECTIVE ORDER" or such other phrase as would clearly indicate the confidential nature of the document on each such page that the party designates as confidential. The contents of any page containing such designation shall be confidential, unless the party producing such document clearly indicates thereon that only a portion of the page or document shall be so designated. The stamping of documents as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" need not be completed until copies of documents are made for delivery to the requesting party and, until such time, all documents produced for inspection shall be treated as Confidential Information.

       (d)      Confidential Information may be disclosed only to the following:

       (1)      Counsel of record for the named parties in this action and their partners, associates and employees;

       (2)      This Court, the U.S. District Court for the District of Mississippi, or any other court to which any appeal of this action or the Harris action is taken, and Court personnel, provided that the information is filed under seal as described in paragraph 5;

       (3)      Court reporters in the performance of their official duties;

       (4)      Any non-party expert or consultant who is retained by a party or counsel in order to assist in the conduct of the Harris action;

       (5)      Any individual party or employee of any party or its insurer;

(6) Any person who is a witness or prospective witness at any deposition or any other proceeding, provided that such person may only be shown copies of documents containing Confidential Information during his testimony and/or in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof; and

(7) Any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each party hereto.

(e) Confidential Information shall not be used by any person for purposes of publication of any scientific or other article unless and until the information comes into the public domain or such use is otherwise authorized by the Designating Party.

(f) Counsel and all other persons to whom Confidential Information is disclosed shall take a reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

(g) The parties agree that they will not file documents containing Confidential Information in any other court proceedings unless a stipulated protective order containing terms similar to this Order has been entered by the Court.

3. Prior to the disclosure of Confidential Information to any person, other than the Court, court personnel, a party or outside counsel for a party (including partners, associates and regular employees), such person shall be provided with a copy of this Order and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A.

4. Any party may use Confidential Information at a deposition; however,

only persons authorized to receive such Confidential Information may attend the portions of the deposition pertaining to such Information.

The party who uses the Confidential Information shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Confidential separately or otherwise have those portions of the transcript deemed confidential specifically identified, and to label the cover of the complete transcript with the appropriate legend – "Contains Confidential Information, Subject to Protective Order." Additional costs, if any, are to be borne by the party designating the Confidential Information.

The restrictions of this paragraph apply to videotaped depositions, and video cassettes or other video containers, each of which shall be labeled in accordance with the provisions of this paragraph.

Unless otherwise ordered by the Court, the same procedures and protections shall apply to pretrial court hearings or proceedings and any transcripts of such hearings or proceedings. In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Information shall take all reasonable steps to maintain its confidentiality during such us.

5. If materials containing Confidential Information are filed with a Court, such papers shall be labeled with the appropriate legend, e.g., "Contains Confidential Information, Subject to Protective Order," and filed under seal. Each document filed under seal may be returned to the party that filed or sealed the document after 45 days has lapsed following

the (a) entry of a final judgment from which no appeal is taken, or (b) issuance of a mandate by the last reviewing court that disposes of this litigation in its entirety.

6. A designation of confidentiality may be challenged in this Court by any party. The party making such challenge shall first consult with the Designating Party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter may be submitted to the Court for resolution, with the party claiming confidentiality to have the burden of proof. The parties shall respect the original confidentiality designation in accordance with the provisions of the Order during the pendency of any such challenge.

7. Nothing contained in this Order shall impose any restrictions on the use or disclosure by a party of its own Confidential Information as it deems appropriate.

8. By agreeing to this Order, no party waives its attorney-client privilege or any other protection provided by federal or state law, or waives its right to seek any modification or relief from this Order. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or persons with respect to any information subject to this Order.

9. Disclosure by the producing party of Confidential Information without the proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific Confidential Information disclosed or as to any other information relating to the subject matter of the Information disclosed. Upon learning of the disclosure of Confidential Information without proper designation, the party seeking to protect the Confidential Information shall properly designate or re-designate such Confidential Information. No party, however, shall be deemed to be in breach of this Order by

reason of any use or disclosure of such Confidential Information, inconsistent with such later designation (or re-designation), that occurred prior to notification of such later designation or (re-designation).  Upon designation (or re-designation), parties learning of such later designation shall be obligated only (1) to provide notice to any experts, consultants, witnesses or other third parties (that counsel, to the best of his or her knowledge, is aware of having such documents) of the new designation and to request return of such documents, (2) to make good faith efforts not to disclose previously unmarked copies of the same documents, and (3) to substitute properly labeled copies of such documents where used as exhibits (with corresponding designations where necessary on any transcript and/or pleading where the Confidential Information had been used prior to designation).

        10. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and prevent the occurrence of any further disclosure unauthorized by this Order.

        11. If, at any time, any Confidential Information in the possession, custody, or control of any person other than the person who originally produced such Confidential Information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) shall immediately provide written notice to the person who originally produced such Subpoenaed Information, which notice shall include the date set for the production of the Subpoenaed Information, and (b) shall not produce the Subpoenaed

Information prior to the date set forth in the notice or, having been served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the Subpoenaed Party may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt.

12. Nothing in the provisions of this Order shall be construed as a waiver by either party of any objections to any discovery requests, or to the admissibility at trial of any information submitted or produced pursuant to this Order, and all such objections are specifically reserved.

13. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. In the event of any breach by any party to this Order, the parties hereto agree that the aggrieved party may, in the discretion of the Court, seek the imposition of such sanctions as this Court may deem appropriate.

IT IS SO ORDERED:

Date: January 10, 2006        s/ O. Edward Schlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge

Approved and Consented to by:

_____
Ellen E. Stewart (Colorado # 14397)
Berenbaum, Weinshienk & Eason, P.C.
4800 Republic Plaza
370 Seventeenth Street
Denver, CO 80202

**Attorneys for NJC and Newman**


_____
Thomas E. Downey, Jr. (Colorado #9686)
Downey & Associates, P.C.
383 Inverness Parkway, Suite 300
Englewood, CO 80112

**Attorney for Defendant Brush Engineered Materials, Inc**.

## EXHIBIT "A"

### CONFIDENTIALITY AGREEMENT

1. I have carefully read the Protective Order entered in the above-captioned case, understand it, and agree to be bound by its terms with respect to any documents, information, or materials designated as "Confidential Information" as set forth in the Protective Order that are provided to me.

2. I agree not to disclose to anyone such Confidential Information other than in accordance with the Protective Order.

3. I also agree that any Confidential Information provided to me will be used by me only for the purposes of this action and for no other purposes, and will not be used by me in any business affairs of my employer or of my own, or be imparted by me to any other person other than in accordance with the Protective Order.

4. I hereby consent to the jurisdiction of the court for the limited purpose of any proceeding to enforce the terms of this Confidentiality Agreement or the Protective Order, and for no other purpose.

I agree to comply with all provisions of the Protective Order with respect to any Confidential Information that is provided to me.

Date: _____            _____

                                     Name: _____

                                     Address: _____

                                                    _____